## REDINGTON v. OFFICE EQUIPMENT CO.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

No. 2,225.

PATENTS (§ 328*)—INFRINGEMENT—MUCILAGE HOLDER.

The Redington patent, No. 625,517, for a mucilage holder, claim 3, which describes a holder having an annular paste chamber and a central water chamber, with a cover adapted to seal both chambers, makes such sealing device an essential element, and the claim is not infringed by a holder in which the central or water chamber is not sealed with respect to the paste chamber.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit in equity by William H. Redington against the Office Equipment Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 189 Fed. 635.

Frank T. Brown and Francis A. Hopkins, both of Chicago, Ill. (Frank T. Brown, of Chicago, Ill., of counsel), for appellant.

W. P. Preble, of New York City, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This is a suit for alleged infringement of claim 3 of United States patent No. 625,517, May 23, 1899, to appellant, for improvements in mucilage holders. The claim reads:

"In an apparatus of the class described, the combination of a holder portion provided with an annular paste chamber and a central water chamber, a cover adapted to seal both chambers provided with a vertical chamber in line with the water chamber to hold the handle of a brush and keep the brush in the water chamber, and rings of suitable material interposed between the cover and the walls forming the annular and central chambers to hermetically seal the same, substantially as described."

The Circuit Court dismissed the bill, holding the patent void for lack of invention. Without passing upon the validity of the patent, it is clear that the decree below must be affirmed for lack of infringement. An essential element of the claim in suit is the feature by which both the water chamber and the paste chamber are hermetically sealed, the one as against the other. This result is accomplished by "a cover adapted to seal both chambers" in connection with rings "interposed between the cover and the walls forming" the paste chamber and the water chamber, respectively. This feature further appears from the specification and drawings. In defendant's device, the water chamber is not and cannot be sealed as against the paste chamber. This is so, because the top of the wall of the water chamber is lower than the top of the paste chamber, and there is no ring or device of any kind for closing the water chamber, which thus remains unsealed and entirely open, so far as communication with the paste chamber is concerned. It is thus immaterial that the third claim of the patent in suit omits the word "independently," used in the first and second claims to characterize the method of sealing the two chambers. It is the fact of the nonsealing of the water chamber in defendant's device which is significant.

There is no room here for the application of the doctrine of equivalents. No reasonable construction will permit us to reject the sealing of the water chamber as an immaterial element of the combination to which the claim relates. It is thus not important that the sealing of the water chamber may not add to the efficiency of the device, nor that in complainant's commercial structure the water chamber is left unsealed and open.